SCHOTT, Judge.
Plaintiffs brought this suit in connection with the neutral ground of Harrison Avenue between Vicksburg Street and Argonne Boulevard in the City of New Orleans. A summary of their allegations is as follows: Defendants were embarking on a project to surface this neutral ground with asphalt purportedly on the basis of Ordinance 5581 MCS. This ordinance is unlawful and void because it violates Section 43-9 of the New Orleans Municipal Code and Section 5-902 of the City Charter, in that it infringes on the jurisdiction of the Parkway and Park Commission of the City. It is also unlawful in that it violates Sections 43-25(4) and 38-239(13) of the New Orleans Municipal Code relative to parking on neutral grounds. They prayed for an injunction against defendants from spending public funds in connection with the project and from interfering with the jurisdiction of the Parkway and Park Commission over the neutral ground, ordering defendants to enforce the parking provisions of the Municipal Code and seeking a declaratory judgment.
Their suit against the Department of Streets was dismissed on an exception of no cause of action and that judgment is not on appeal. Plaintiffs have appealed from a judgment in favor of the City of New Orleans by declaring that Ord. 5581 is valid and a lawful exercise of the power of the City Council and that parking on this particular neutral ground is not in violation of the two sections of the code relative to parking.
With respect to the parking provisions of the Municipal Code, Section 38-239(13) found in the Traffic Code, contains a prohibition against parking “upon a neutral ground other than those designated and operated as parking facilities.” Section 43-25(4) is found in the chapter on parks and recreation and provides that no one shall “park a car, truck or other equipment on neutral grounds . . . ” In the first place the ordinances themselves came into being because the City Council passed them and that body has the authority to supersede its own ordinances. In the second *58 place, these two ordinances which are on the same subject matter must be read together, and Section 38-239(13) specifically excludes from the prohibition against parking on a neutral ground those so designated and operated as parking facilities. Without laboring the history of this particular neutral ground, until 1948 there was an open drainage canal in this neutral ground area and when the City and the Sewerage and Water Board closed that canal it was immediately converted into a parking facility with shell surface and has been continuously used as such since that date. Thus, it was at all times since the canal was covered and continues to be a designated parking area and was never intended to be covered by these particular prohibitory ordinances.
In this court plaintiffs do not seem to attach much weight to their case based on the parking provisions of the Municipal Code but instead focus on their contention that the Parkway and Park Commission have jurisdiction over this neutral ground to such an extent that the action being taken by the Department of Streets and the Council are an unlawful infringement on that jurisdiction. From our review of the City Charter, we have concluded that that argument has no merit.
Art. Ill of the Home Rule Charter of the City of New Orleans grants all legislative powers of the City to the City Council. Sec. 3-101. Art. IV provides for the executive branch of the City of New Orleans, and under Sec. 4-102 the executive branch includes “unattached” boards including the Parkway and Park Commission. These unattached boards are so called because they are not attached to specific departments under the executive branch. Sec. 4-108 outlines the powers and duties of boards and commissions as follows:
“All boards shall have the same powers and duties with respect to their functions as those prescribed in this chapter for officers and department heads, unless otherwise provided by this Charter or applicable State law . . . ”
Sec. 4-107 which outlines the powers and duties of officers and department heads contains the following:
“(3) The Mayor, or each officer or department head with the consent of the Mayor, shall submit to the Council for its approval such reasonable regulations affecting the public and necessary to the performance of the functions assigned to such office or department. No such regulation shall become effective until approved by resolution of the Council and inscribed in the Book of Regulations. Any such regulation may be rescinded or amended either by the same process as when originally submitted or by the Council at any time. All regulations shall be subordinate to the ordinance of the Council.”
From this scheme it appears obvious that the Parkway Commission is far from the autonomous kind of a board which plaintiffs conceive it to be. On the contrary, it is in the same category as all the other departments and boards of the City and that much of its activity is subject to regulation and control by the City Council “unless otherwise provided by this Charter” as set out in Section 4-108.
In Art. V which is entitled Executive Branch — Unattached Boards and Commissions, is found the grant of authority to the Parkway and Park Commission. Sec. 5-902 lists the functions of the Commission as follows:
“(1) Administer, control and manage all parks, except those otherwise provided for by applicable state laws.
(2) Cultivate, place, maintain and remove trees, shrubs, flowers, grass and other plants on public grounds.
(3) Embellish parks, parkways, highways and other public grounds.
(4) Designate the portion of parks and other areas under its control for the activities under the direction of the Department of Recreation.”
We note that this section does not mention the term neutral ground, but speaks of parks, public grounds, parkways and highways. Sub-section 1 confers on the Commission the function of administering, controlling and managing parks, but we do not *59 perceive that this includes neutral grounds. Sub-section 2 seems to refer to such public grounds as those surrounding City Hall and other public buildings. The only sub-section which seems to refer to neutral grounds is sub-section 3 and that is only because of the inclusion of the terms parkways and highways in those areas for the Parkway Commission to embellish. We deem this grant of authority to be quite limited. If there is a neutral ground at all the Commission may embellish it but it has no jurisdiction beyond embellishment over the neutral ground as distinguished from parks. It does not have the authority to administer, manage and control neutral grounds.
Section 38-17 of the Municipal Code defines street as the entire width between the boundary lines, and it defines a neutral ground as “that portion of the street” between the roadways. Referring back to the City Charter, Sec. 4-901 of Chapter 9 grants to the Department of Streets the function of designing streets and this surely embraces the width of the neutral ground within the street. Thus, the street department could eliminate the Harrison Avenue neutral ground subject to authority from the City Council without regard to the Parkway and Park Commission.
Plaintiffs also referred to Sec. 43-9 of the Municipal Code as authority for their position. This provision is identical to the provisions of Sec. 5-901 of the City Charter. Thus, we find no grant of jurisdiction over the neutral grounds in that section beyond embellishment where such neutral grounds exist. Also, it is significant that Sec. 43-9 was enacted by the City Council as a part of the Municipal Code and by that enactment the City Council was apparently unwilling to confer any more power on the Parkway and Park Commission than was already conferred by the Charter. By enactment of the provision they indicated an intention to limit the Commission to embellishment of neutral grounds as opposed to control and management over those neutral grounds.
The judgment appealed from is affirmed.
AFFIRMED.